# Exhibit A

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

STATE OF GEORGIA

GEORGIA GAMBLING RECOVERY LLC,

     *Plaintiff,*

     *v.*

KALSHI INC.;

KALSHIEX LLC;

KALSHI KLEAR INC.;

KALSHI KLEAR LLC;

KALSHI TRADING LLC;

SUSQUEHANNA INTERNATIONAL
GROUP, LLP;

SUSQUEHANNA GOVERNMENT
PRODUCTS, LLLP;

ROBINHOOD MARKETS, INC.;

ROBINHOOD DERIVATIVES, LLC;

WEBULL CORPORATION,

     *Defendants.*

IN THE STATE COURT

OF MUSCOGEE COUNTY

Civil Action No. _____

## COMPLAINT

 Plaintiff Georgia Gambling Recovery LLC brings this action against Kalshi Inc., KalshiEX LLC, Kalshi Klear Inc., Kalshi Klear LLC, Kalshi Trading LLC, Susquehanna International Group LLP, Susquehanna Government Products, LLLP, Robinhood Markets, Inc., Robinhood Derivatives, LLC, and Webull Corporation (collectively, "Defendants") for recovery of gambling losses under O.C.G.A. § 13-8-3. Plaintiff alleges as follows:

## INTRODUCTION

1.      Georgia ("the State") comprehensively regulates gambling-related activities within its borders.   To protect its residents from predatory and financially destructive gambling enterprises, it has prescribed exacting civil and criminal penalties on all those who would seek to sidestep that regulatory regime.   *See* O.C.G.A. §§ 16-12-20 et seq.    For most, the threat of those penalties is deterrence enough.   But not for all.   Lured by the potential riches of an untapped market, a group of companies has taken to offering illegal, unregulated gambling products to Georgia's residents.

2.      Defendant Kalshi operates a "prediction market" accessible to the State's residents. That prediction market permits the buying and selling of products called "event contracts."   While masquerading as novel securities offerings, these event contracts are in truth nothing more than illegal, unregulated wagers on the occurrence (or non-occurrence) of specific future events.   Using this prediction market, the State's residents can place bets on (among other things) the outcome of sports games, on the winner of political elections, and on the song that will be the most popular this summer.   These wagers do not differ materially—in form or function—from the offerings found in casinos, sportsbooks, and other traditional gambling establishments.   Kalshi's prediction market violates both state and federal law.   And because Defendants Robinhood and Webull have partnered with Kalshi to offer its prediction market on their own platforms, their platforms violate state and federal law too.   Collectively, the State's residents regularly gamble (and lose) substantial sums on each of these platforms.

3.      Prediction markets could not operate without the help of "market makers"— companies that provide liquidity by buying and selling event contracts.   Kalshi's own Kalshi Trading LLC fills that role.   So does Defendant Susquehanna.   These market makers enable prediction markets' illegal, unregulated gambling offerings by providing much-needed liquidity.

In exchange for the funds they provide, market makers receive various financial and non-financial kickbacks from Kalshi. In practice, these market makers employ precisely the same business model as the sportsbooks this State has prohibited. And they regularly profit at the expense of the State's residents.

4.    Recently, Defendants have come under sustained legal fire. State Attorneys General and regulators in at least seven States—Arizona, Illinois, Maryland, Montana, Nevada, New Jersey, and Ohio—have sent cease-and-desist letters to prediction-market operators, including Kalshi and Robinhood. And the skepticism of Defendants' business model is widely shared. Legal commentators, sports executives, and lawful gambling companies have publicly expressed their view that Defendants' product constitutes illegal, unregulated gambling. And Kalshi itself admitted just last year—in a filing before the D.C. Circuit—that the sports-betting event contracts it offers are something Congress meant to prohibit. All this paints a grim future for Defendants' event-contract operations in the United States.

5.    The State of Georgia has not yet entered the fray. But it does not need to. Like many States, Georgia offers an additional safeguard against illegal, unregulated gambling: O.C.G.A. § 13-8-3. Based on a portion of the 1710 British law passed during the reign of Queen Anne ("the Statute of Anne"), that law makes certain gambling debts unenforceable. It allows a losing party to sue the winning party for the value of losses. And, should the losing party fail to sue within six months, it authorizes anyone to bring a claim to recover the losing party's gambling losses.

6.    Defendants have operated in Georgia without regard to the State's legal limits for years. Each year, they take tens of millions of dollars from Georgia gamblers. But under O.C.G.A. § 13-8-3, each time Defendants caused a gambler in Georgia to suffer gambling losses, that person

3

had the right to sue under O.C.G.A. § 13-8-3 within six months. And after six months, *any* person may sue for each gambler's unrecovered losses, receiving half as a relator's fee, and sharing the other half with the education fund of the County in which the gambling injury occurred. In filing this action, Plaintiff takes just that step.

## PARTIES

7.       Plaintiff Georgia Gambling Recovery LLC is a company formed under the laws of Delaware to enforce Georgia's gambling laws. Its mailing address is 1700 S MacDill Ave, Suite 300, Tampa, FL 33629. Plaintiff has no relationship to any gambler who has suffered gambling losses and has not colluded with any gamblers in bringing this action.

8.       Defendant Kalshi Inc. is a Delaware corporation headquartered at 594 Broadway Rm 407, New York City, New York 10012. On information and belief, it is the parent company of all other Kalshi entities (collectively "Kalshi"). Kalshi operates a prediction market, allowing the State's residents to place illegal, unregulated wagers in the form of event contracts.

9.       Defendant KalshiEX LLC is a Delaware corporation headquartered at 594 Broadway Rm 407, New York City, New York 10012. On information and belief, it is a wholly owned subsidiary of Kalshi Inc. that operates as a commodities exchange. In concert with other Kalshi entities, it operates a prediction market, allowing the State's residents to place illegal, unregulated wagers in the form of event contracts.

10.      Defendant Kalshi Klear Inc. is a Delaware corporation headquartered at 594 Broadway Rm 407, New York City, New York 10012. On information and belief, it is a wholly owned subsidiary of Kalshi Inc. that operates as a registered derivatives clearing organization. In concert with other Kalshi entities, it operates a prediction market, allowing the State's residents to place illegal, unregulated wagers in the form of event contracts.

11.     Defendant Kalshi Klear LLC is a Delaware corporation headquartered at 594 Broadway Rm 407, New York City, New York 10012.  On information and belief, it is a wholly owned subsidiary of Kalshi Inc. that operates as a registered derivatives clearing organization.  In concert with other Kalshi entities, it operates a prediction market, allowing the State's residents to place illegal, unregulated wagers in the form of event contracts.

12.     Defendant Kalshi Trading LLC is a Delaware corporation headquartered at 594 Broadway Rm 407, New York City, New York 10012.  On information and belief, it is a wholly owned subsidiary of Kalshi Inc. that operates as a market maker for Kalshi's prediction market, buying and selling event contracts on the platform.  In concert with other Kalshi entities, it operates a prediction market, allowing the State's residents to place illegal, unregulated wagers in the form of event contracts.

13.     Defendant Susquehanna International Group LLP is a Delaware corporation headquartered at 401 City Avenue Suite 220, Bala Cynwyd, Pennsylvania 19004.  On information and belief, it is the parent company of all Susquehanna entities (collectively, "Susquehanna").  As relevant, Susquehanna serves as a market maker for Kalshi, buying and selling event contracts on the platform.

14.     Defendant Susquehanna Government Products, LLLP is a foreign limited partnership incorporated in Delaware and headquartered at 80 State Street, Albany, New York 12207.  On information and belief, it is a wholly owned subsidiary of Susquehanna International Group LLP and is one of several trading and investing entities within it.  As relevant, Susquehanna Government Products, LLLP operates as an institutional market maker for Kalshi, buying and selling event contracts on the platform.

15.     Defendant Robinhood Markets, Inc. is a Delaware corporation headquartered at 85 Willow Road, Menlo Park, California 94025.  On information and belief, it is the parent company of all other Robinhood entities (collectively, "Robinhood").  Robinhood is an investment platform that permits trading on stocks, ETFs, and other commodities.  As relevant, it has partnered with Kalshi to open—on the Robinhood investment platform—a prediction market hub, allowing the State's residents to place illegal, unregulated wagers in the form of event contracts.  In concert with Kalshi, it helps operate a prediction market, allowing the State's residents to place illegal, unregulated wagers in the form of event contracts.

16.     Defendant Robinhood Derivatives LLC is a Delaware corporation headquartered at 85 Willow Road, Menlo Park, California 94025.  On information and belief, it is the wholly owned subsidiary of Robinhood Markets, Inc.  It is a futures commission merchant and provides options on futures trading.  As relevant, it is the component of Robinhood that has partnered with Kalshi to offer a prediction market hub, allowing the State's residents to place illegal, unregulated wagers in the form of event contracts.  In concert with Kalshi, it helps operate a prediction market, allowing the State's residents to place illegal, unregulated wagers in the form of event contracts.

17.     Defendant Webull Corporation ("Webull") is a Cayman Island corporation headquartered at 200 Carillon Parkway Street, St. Petersburg, Florida 33716.  It is a financial services holding company that provides an electronic trading platform of the same name.  As relevant, Webull has partnered with Kalshi to offer a prediction market hub, allowing the State's residents to place illegal, unregulated wagers in the form of event contracts.  In concert with Kalshi, it helps operate a prediction market, allowing the State's residents to place illegal, unregulated wagers in the form of event contracts.

18.      On information and belief, Defendants are each "winner[s]" at gaming within the meaning of O.C.G.A. § 13-8-3.  On information and belief, each regularly causes Georgia residents to suffer gambling losses.

## JURISDICTION AND VENUE

19.      This case arises under O.C.G.A. § 13-8-3.

20.      This Court has jurisdiction over the subject matter of this case pursuant to Ga. Const. Art. VI, § III, Para. I and O.C.G.A.  § 15-74.

21.      This Court has personal jurisdiction over the Defendants under O.C.G.A. § 9-10-91.  Each of the Defendants transacts substantial business in the State, has purposefully directed its activities at residents of the State, and has purposefully availed itself of the benefits of the State's laws.

22.      Plaintiff is a Delaware resident and its claims against Defendants arise out of, relate to, and have a substantial connection with business purposefully transacted by Defendants in Georgia.

23.      Venue is proper in Georgia because, among other things, the conduct underlying Plaintiff's claims occurred in Georgia.

## STATEMENT OF THE FACTS

**I.      O.C.G.A. § 13-8-3 ALLOWS PRIVATE PARTIES TO SUE FOR ILLEGAL GAMBLING**

24.      While the specific conduct animating this lawsuit is recent, the cause of action animating it is not.  It traces its roots to the twilight of the House of Stuart, when Queen Anne adopted what would become known as the Statute of Anne of 1710.  The relevant portions of that law had two main elements.  The first declared a wide range of gambling transactions void (in effect, freeing the losing party from any obligation to pay the winner).  The second created causes

of action to claw back gambling gains. Those who lost at least "the Sum or Value of ten Pounds" could sue the winner to recover the amount they lost, along "with Co[s]ts of Suit." And should the losing party fail to initiate that recovery suit within three months without just cause, any other person could bring a suit against the winning party for treble damages, with half going to the person suing "the other Moiety to the u[s]e of the Poor of the Pari[s]h." Resembling the modern *qui tam* action, this last provision deputized the public to serve as private Attorneys General. It also offered a financial incentive to induce them to investigate and pursue claims against gamblers.

25.     Georgia offers its own version of the Statute of Anne. It provides that "[g]ambling contracts are void." O.C.G.A. § 13-8-3(a). And it provides that "[m]oney paid or property delivered upon a gambling consideration may be recovered from the winner by the loser by institution of an action for the same within six months after the loss and, after the expiration of that time, by institution of an action *by any person*, at any time within four years, for the joint use of himself and the educational fund of the county." O.C.G.A. § 13-8-3(b) (emphasis added).

26.     Georgia's prohibition on gambling sweeps broadly. The State makes it a felony to engage in "commercial gambling," which includes "[r]eceiv[ing], record[ing], or forward[ing] a bet or offer to bet." O.C.G.A. § 16-12-22(a)(2). That prohibition exempts only a small number of legal gambling activities not relevant here, such as the State's own lottery (operated by the Georgia Lottery Corporation) and certain charitable raffles. *See* O.C.G.A. § 16-12-20(4). That is as far as Georgia goes. It offers no brick-and-mortar casinos and does not purport to permit sports gambling or any other sort of legalized betting.

27.     Defendants in this case provide gambling offerings that fly in the face of the State's prohibitions. In filing this action, Plaintiff sues to recover the ill-gotten gains obtained by Defendants from their unlawful gambling offerings.

## II.        PREDICTION MARKETS VIOLATE GEORGIA LAW

28.        Sports betting is flatly illegal in Georgia.  But certain Defendants have disregarded that prohibition, operating "prediction markets" within the State.  These markets enable the State's residents to purchase "event contracts"—illegal, unregulated wagers on future events.  For example, Defendants allow the State's residents to wager on the outcome of an athletic competition, on the results of an election, and on whether a particular song will break into the Billboard Top 100.  These wagers are indistinguishable from those offered in casinos, sportsbooks, and other gambling establishments.  And because these prediction markets serve as counterparties to each wager, shoulder the credit risk of their event contracts, and serve as their own market makers (facing off against the State's residents in the process), they are gambling "winners" for purposes of O.C.G.A. § 13-8-3.

29.        These event contracts depend on the liquidity provided by institutional "market makers," which buy and sell event contracts.  Market makers operate using a model indistinguishable from the sportsbooks that the State expressly prohibits.  And when the State's residents purchase event contracts on a prediction market, they almost always face off against money provided by a market maker on the other side of the ledger.  In that way, market makers make it possible for the State's residents to place illegal, unregulated wagers "against the house." Notably, the leading prediction market nationwide, Kalshi, also market-makes on its own platform using a wholly owned subsidiary, Kalshi Trading LLC.  And because Defendants Robinhood and Webull host Kalshi's prediction market on their own platforms, they too function as prediction markets and are liable under O.C.G.A. § 13-8-3.

30.        Because Defendants' offerings are illegal, unregulated gambling products and because Defendants are individually and collectively the "winners" of gambling competitions

played by the State's residents, Plaintiff may sue for the uncollected losses Defendants have inflicted on those residents within the statute of limitations period.

## A.    PREDICTION MARKETS ALLOW GAMBLING ON THE OCCURRENCE (OR NON-OCCURRENCE) OF FUTURE EVENTS

31.    This litigation centers on "prediction markets," which allow for the purchase and sale of "event contracts."  Event contracts are defined federally as "agreements, contracts, transactions, or swaps in excluded commodities"—i.e., in commodities that do not have intrinsic cash value and that are not traded on a stock market—"that are based upon the occurrence, extent of an occurrence, or contingency," "other than a change in the price, rate, value, or levels of a commodity." 7 U.S.C. § 7a-2(c)(5)(C)(i).  Put more simply, event contracts are futures contracts that pay out if some non-commodity-related future event does (or does not) occur.

32.    Founded in 2018, Defendant Kalshi operates one of the largest prediction markets in the United States.  Since July 2021, it has enabled individuals in all 50 States (including Georgia) to gamble on a wide range of future events spanning a wide range of subject matters.  For instance, as of the time of filing Kalshi offers wagers on whether the Oklahoma City Thunder will win the NBA championship by a score of 4-2; on whether Gavin Newsom will be the Democratic nominee for President in 2028; on whether Bruno Mars will have the most Spotify listeners at the end of June; on whether New York City will receive more than 4 inches of rainfall this month, and on whether the Pope will say President Trump's name before the end of September.

33.    Kalshi's event contracts share a common form.  For each, Kalshi poses a question about some definite future event.  For example, Kalshi may ask: "Will the Kansas City Chiefs win the next Superbowl?"  It then presents users with two options:  "Yes" or "No."  Users can buy either option at some variable price (set by market forces), ranging from $0.01 to $0.99.  When the "Yes" and "No" options combined add up to exactly $1, an "event contract" is formed.  Then,

the parties wait for an answer to the question (in the example above, whether the Kansas City Chiefs will win the next Superbowl). If the Chiefs win, then Kalshi will pay the bettors who voted "Yes" the value of the $1 contract, while the bettors who betted "No" will lose the money wagered. If the Chiefs do not win, Kalshi will pay the bettors who voted "No" the value of the $1 contract, and the bettors who voted "Yes" will lose the money wagered.

34.    To make this model works, Kalshi permits trading (before a contract is finalized) of both "Yes" and "No" options. For example, if a user believes that the market is undervaluing the Chief's chances of winning the Superbowl, that party is incentivized to purchase "Yes" contracts, driving the "Yes" price up and the "No" price down. Similarly, if a party believes that the market is undervaluing the Chief's chances of *losing* the Superbowl, that party is incentivized to buy "No" contracts, driving the "No" price up and the "Yes" price down. In that way, the final prices of both the "Yes" and "No" options should theoretically correspond to the percentage chance the market gives of each outcome occurring. So if, for example, "Yes" votes on the Chiefs were valued at $0.44 and "No" votes were valued at $0.56 (adding up to exactly $1), the predictions market would give the Chiefs a 44% chance of winning and other teams a 56% chance of winning.

35.    Kalshi profits off this arrangement directly, by charging what it styles as a "transaction fee." But that is a misnomer, because Kalshi is not merely overseeing transactions between parties. Rather, when "Yes" and "No" options add up to $1.00, Kalshi enters simultaneous wagers against *both* sets of buyers. When the outcome is decided, it is Kalshi that will ultimately pay the winners. And so Kalshi itself bears the credit risk. So, for example, if users fraudulently purchased "Yes" options, Kalshi would be on the hook for paying the "No" holders anyway. Additionally, Kalshi does not necessarily match gamblers up 1:1, and (as noted in Kalshi Klear's Rulebook) it does not disclose the identities of the parties wagering on the other

11

side of the ledger. In that way, Kalshi is not merely (or even mainly) an intermediary between other third-party bettors. Rather, it is, itself, part of "the house." And that point is only reinforced by the fact that Kalshi *also* acts as a market maker for its own platform, as discussed below.

36.     Indeed, Kalshi's business model closely resembles that of a traditional bookmaker. Ordinarily, bookmakers try to minimize risk by adjusting their betting lines to incentivize roughly equal investment on both sides of a wager. For example, if gamblers overwhelmingly bet in favor of the Kansas City Chiefs as a -400 favorite, sportsbooks could move the betting line on the Chiefs to make them a -450 or -500 favorite instead. This would reduce the profitability of betting on the Chiefs, incentivizing more gamblers to come in on the other side of the ledger. By adjusting betting lines in this way, bookmakers can "balance their books." This ensures that they minimize losses, no matter who wins on the football field. And over time, it ensures they turn a profit. That is because the betting lines they offer for and against a team or player always preserve an edge for the house. Put differently, a gambler betting an equal amount of money for and against the same bet at a sportsbook will *always* lose expected value. Kalshi merely takes this business model and takes it one step further. Rather than derisking its operation by *roughly* balancing the money on both sides of the ledger, Kalshi derisks its operation by algorithmically *equalizing* them in its clearinghouse.

37.     The fact that Kalshi does a better job reducing risk than a traditional sportsbook does not change the fact that it—for all practical purposes—operates as one. Just like a traditional sportsbook, Kalshi offers bets both for and against various future outcomes. Just like a traditional sportsbook, Kalshi seeks to minimize risk by adjusting betting lines to track users' betting patterns. And just like a traditional sportsbook, Kalshi makes a profit by building into its calculus a small, statistical edge for itself. That it calls that edge a "transaction fee" is of no factual or legal

significance.  As the Maryland Lottery and Gaming Control Commission observed in its recent cease-and-desist letter to Kalshi: "The purchase of the [event] contract is indistinguishable from the act of placing a sports wager."

38.     While Kalshi is the most prominent prediction market operating in the State, other companies have entered the space.  In 2024, Robinhood experimented with offering its own event contracts, allowing users nationwide (including, on information and belief, the State) to gamble on the result of the then-upcoming presidential election.  And in May 2025, Robinhood partnered with Kalshi to launch a "Prediction Markets Hub" within its app.  This hub effectively allowed Robinhood users to buy and sell Kalshi event contracts without ever having to leave the Robinhood platform.  Because Robinhood's event contracts are sourced by Kalshi, its Prediction Markets Hub is substantially identical to the prediction platform Kalshi offers on its own website.  This platform is available to individuals in all 50 States, including in Georgia.  Under the terms of its agreement with Kalshi, Robinhood shares in Kalshi's "transaction fee" each time an event contract is purchased on its platform.  It is therefore a "winner" for all the same reasons and in all the same ways that Kalshi is a "winner."  And it acts in concert and in privity with Kalshi to secure Kalshi's winnings at the expense of individual gamblers.

39.     Similarly, in February 2025, Webull partnered with Kalshi to launch an offering similar to Robinhood's Prediction Markets Hub.  This offering allows Webull users to buy and sell Kalshi's event contracts using the Webull platform.  Because those event contracts are sourced by Kalshi, the offerings are substantially identical to the ones Kalshi provides on its own website.  This platform is available to individuals in all 50 States, including in Georgia.  Under the terms of its agreement with Kalshi, Webull shares in Kalshi's "transaction fee" each time an event contract is purchased on its platform.  It is therefore a "winner" for all the same reasons and in all the same

ways that Kalshi is a "winner." And it acts in concert and in privity with Kalshi to secure Kalshi's winnings at the expense of individual gamblers.

40.     On information and belief, the State's residents have placed illegal, unregulated wagers (in the form of event contracts) on Kalshi's prediction market, both directly and through the prediction-market hubs offered by Robinhood and Webull, which are themselves powered by Kalshi). Plaintiff may therefore sue to recover the money those Defendants have taken from the State's residents.

### B.    MARKET MAKERS BOOKMAKE FOR PREDICTION MARKETS, PROVIDING VITAL LIQUIDITY

41.     For Kalshi to offer event contracts successfully, it needs sufficient liquidity. That is where "market makers" come in. Market makers help Kalshi set the probability of future events by buying event contracts they consider undervalued and by selling event contracts they consider overvalued. These opposing market forces drive event-contract prices to an equilibrium reflecting all publicly available information. In the process, they ensure there is enough price movement to set the "Yes" and "No" options for wagers exactly equal to $1.00—a requirement for forming a complete event contract. Indeed, Kalshi's own website admits that market makers play a key role in propping up its predictions market.

42.     To understand how market makers work, consider this example: Suppose you own a rare Ming Dynasty vase and want to know its value. But suppose there are few buyers in your immediate area with both the funds and the interest to bid on it. You could try to hold an auction to determine the vase's worth. But because of the relatively illiquid market, you would likely get less than fair market value. Instead, you could rely on the help of "market makers"—in this example, companies that regularly buy and sell similar antiquities. Because they compete against

each other to acquire and offload inventory, they are incentivized to offer competitive rates to both buyers and sellers. As a result, you can use their pricing to approximate the true value of the vase.

43.    Market makers for event contracts work in much the same way. As repeat players, they provide liquidity to the event-contracts market, increasing its efficiency and promoting informationally efficient pricing. Sometimes, they can do so without taking on any financial risk. For example, suppose (as often happens on Kalshi) that the "Yes" and "No" contracts on a specific wager add up to over $1.00. Specifically, suppose the "Yes" contract trades at $0.60 and the "No" contract trades at $0.42. If the same market maker acts as a counterparty to 233 "Yes" contracts and to 238 "No" contracts, it will profit no matter who wins the wager. This represents what a recent letter to the CFTC described as a "riskless principal transaction."

44.    To chase additional profits, market makers sometimes choose to favor one side of the ledger, providing liquidity to the market but taking on balance-sheet risk. Should the market maker wager incorrectly, it risks losing its money. To minimize this risk, market makers employ dedicated research teams, proprietary statistical models, and superior data and software. These allow them to estimate future events with greater accuracy than any individual gambler could hope to match. Additionally, market makers benefit from their unique contractual and technological integration with prediction markets, which provide them "financial benefits, reduced fees, differing position limits, and enhanced access." These perks greatly reduce market makers' financial exposure. As a result, wagering against individual gamblers is almost all upside for them.

45.    Between these two sorts of wagers, market makers extract essentially all the potential arbitrage available on Kalshi and other prediction markets. This makes it nearly impossible for individual gamblers to profit by gambling on Kalshi over time—even without factoring in Kalshi's so-called "transaction fee." And empirical studies bear this out. They show

that, among those participate in sports betting, only about 3% profit each year. The other 97% loses money. And even that 3% is often the result of survivorship bias—the fact that, given enough time, someone must win eventually. Studies similarly suggest that individual gamblers have no more luck betting on other uncertain future events, such as music, pop culture, or world events. And Kalshi admits as much. For instance, its founder and CEO, Tarek Mansour, once boasted that "Kalshi is already the most accurate forecast for federal interest rates."

46.     In all relevant respects, the market makers here operate just like traditional sportsbooks. And that is unsurprising. Traditional sportsbooks are a *type* of market maker—one focused only on event contracts for sports-related events. Just like traditional sportsbooks, event-contract market makers can secure risk-free profits by arbitraging the "bid-ask spread"—that is, by capitalizing on the gap between buying prices and selling prices of certain wagers. Just like traditional sportsbooks, market makers are large institutional investors with large teams, sophisticated models, and extensive resources. Just like traditional sportsbooks, event-contract market makers enjoy privileged status as a result of their contractual and technological integration with the platform itself. And just like traditional sportsbooks, event-contract money makers will sometimes risk their own capital by committing it to one side of the ledger, putting them in direct competition with individual gamblers.

47.     It does not change matters that wagers on Kalshi usually offers percentages, rather than traditional betting lines. This is simply a matter of nomenclature. If, for example, the Kansas City Chiefs were -400 favorites to win a game at a traditional sportsbook, they would also be (assuming sufficient market liquidity) 80% favorites to win on prediction markets like Kalshi. Those two figures—being a -400 favorite and having an 80% chance to win—are different mathematical ways of expressing the same probability. And indeed, at least one leading sports-

Case 4:25-cv-00310-CDL    Document 1-1    Filed 10/02/25    Page 18 of 63


betting website encourages gamblers to convert sportsbooks' betting lines into probabilities (like the ones Kalshi uses) to assist them in calculating expected value.

48.　　　Data on Kalshi's website indicate that market makers account for the great majority of the total spending on Kalshi's event contracts.  It follows that when the State's residents place a wager on Kalshi, there is almost always a market maker on the other side of the leger.  Thus, while Kalshi is in one sense the *direct* counterparty to every transaction on the platform (and therefore a "winner" of gamblers' money), market makers also function as a counterparty—regardless of whether they choose to assume balance-sheet risk.  And because individual gamblers cannot match the knowledge, data analytics, and resources that market makers bring to bear, they lose expected value each time they purchase an event contract.

49.　　　Prediction markets and market makers need not be separate entities.  KalshiEX's rulebook acknowledges that Kalshi Trading LLC may be a member of the prediction market, meaning that it is able to place trades on individual wagers.  And a recent article confirms that "Kalshi is also doing some of its own market making through a separate entity called Kalshi Trading."  In other words, Kalshi does not merely own and operate a prediction platform.  It *also* drives gambling on that platform by buying and selling its own inventory.  In that way, Kalshi pits itself directly against individual users (including the State's residents).  That is just one more respect in which Kalshi itself qualifies as a gambling "winner."

50.　　　However, to provide added liquidity, Kalshi also partners with certain hand-selected third-party market makers.  As Kalshi observes, its "market operates with the valuable support of a designated group of market makers," which "play a vital role in ensuring market fairness and orderliness."  The most notable of these is Susquehanna, which in April 2024 became the first external institutional market maker on Kalshi.  Despite being separate legal entities,

market makers are not financially independent of Kalshi.  Rather, they are its business partners.
They contract directly with Kalshi to provide liquidity to its prediction market.  In exchange, they
receive all sorts of financial and non-financial kickbacks.  In that way, all Defendants work in
concert to make illegal, unregulated gambling available within the State.

51.      Kalshi's own website confirms this relationship with its market makers.  It
acknowledges that "applicants undergo a thorough review process evaluating their financial
resources, relevant experience, and overall business reputation," and "[o]nly those demonstrating
exceptional qualifications are granted market maker status."  And it acknowledges that, as a reward
for achieving that status, market makers receive benefits from Kalshi, "including but not limited
to financial benefits, reduced fees, differing position limits, and enhanced access."  The general
public cannot access these benefits.  And they provide market makers with a decided advantage
when using Kalshi's platform, ensuring that they profit at the expense of the public.

52.      On information and belief, the State's residents have repeatedly placed illegal,
unregulated wagers on event contracts directly supported by the liquidity provided by institutional
market makers (including Kalshi Trading LLC and Susquehanna).  Because Georgia residents'
funds flowed  directly to these market makers, those market makers qualify as "winners" for
purposes of O.C.G.A. § 13-8-3.  Plaintiff may therefore sue under that statute.

### C.      DEFENDANTS' CONDUCT IS ILLEGAL IN THE STATE

53.      Defendants' conduct is flatly illegal.  Defendants, by definition, "[r]eceive[],
record[], or forward[] a bet or offer to bet."  O.C.G.A. § 16-12-22(a)(2).  And no provision of
Georgia law immunizes them from the general sweep of that provision.  As noted above, there is
no meaningful distinction between Defendants' operations and the sportsbooks that Georgia his
consistently prohibited.   And Plaintiff is hardly alone in reaching that conclusions.  Recently, at

least seven States—Arizona, Illinois, Maryland, Montana, Nevada, New Jersey, and Ohio—have issued cease-and-desist letters to prediction markets, including Kalshi and Robinhood.

54.     Defendants' offerings are also prohibited under federal law.  The Wire Act imposes criminal penalties on any party that "engaged in the business of betting or wagering[,] knowingly uses a wire communication facility for the transmission in interstate or foreign commerce . . . of a wire communication which entitles the recipient to receive money or credit as a result of bets or wagers, or for information assisting in the placing of bets or wagers."  18 U.S.C. § 1084(a).  And the Office of Legal Counsel has interpreted it to prohibit all gambling-related transmissions, including those unrelated to sports betting.  *See* OLC, *Reconsidering Whether the Wire Act Applies to Non-Sports Gambling* (Nov. 2, 2018).  This interpretation postdated the Supreme Court decision that limited the Professional and Amateur Sports Protection Act of 1992 ("PASPA"), 28 U.S.C. § 3701 *et seq.  See Murphy v. Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453 (2018).

55.     Defendants run afoul of the Wire Act by using a "wire communication facility"— here, the Internet—to send communications entitling the State's residents to "receive money" on the bets or wagers they place on Kalshi's platform.   And all Defendants routinely send communications through the wires containing "information assisting in the placing of bets or wagers."  That language covers both the prediction markets themselves and the market makers that—by purchasing the "Yes" and "No" options on Kalshi—communicate information about the relative likelihood of each of those outcomes.  Moreover, given the contractual and technological ties between Kalshi, Robinhood, Webull, and Susquehanna, those companies necessarily communicate event-contract-specific information to one another regularly using digital means.  All that is illegal under federal law, as prominent legal commentators have recently noted.

56.    Sports leagues have expressed their own concern with Defendants' offerings. For example, Jonathan D. Nabavi, the National Football League's Vice President of Public Policy and Government Affairs, recently warned the CFTC that "[t]hese contracts would mimic sports betting but seemingly without the robust regulatory features that accompany regulated and legalized sports betting and which help to mitigate threats to the integrity of [the NFL's] contests." The National Basketball Association and Major League Baseball have publicly stated similar positions. And even other gambling companies have warned about Defendants' conduct. For example, Atlantic City's casino interests filed a brief observing that Kalshi is "presently violating the Wire Act."

57.    Perhaps most damning, Kalshi *itself* acknowledged the illegality of some of its present offerings just over a year ago in federal court. In a brief submitted to the D.C. Circuit, Kalshi argued that "Congress did not want sports betting conducted on derivatives markets." Brief for Appellee KalshiEX LLC at 41, *KalshiEX LLC v. CFTC*, No. 24-5205 (D.C. Cir. Nov. 15, 2024). It went on to acknowledge that such sports betting was "unlikely to serve *any* 'commercial or hedging interest.'" *Id.* at 45 (emphasis added). Yet Kalshi is now offering precisely what it concluded Congress wished not to permit. And Webull has similarly taken the view (despite partnering with Kalshi to offer event contracts on its platform) that sports event contracts are not lawful and should not be offered.

### D.    DEFENDANTS' CONDUCT IS ILLEGAL IN THE STATE

58.    Kalshi has exploded to become one of the largest gambling platforms in the United States. Within the first five months of offering sports contracts, per its own spokesperson, it traded "more than $1 billion" on "3.4 million sports propositions." Per that spokesperson, it has roughly two million users nationwide. And Kalshi prominently advertises—across its promotional materials—that it operates in all 50 States. On information and belief, many of those two million individuals reside within the State.

20

59.      Moreover, the individual bets placed on Kalshi are often significant.  For example, Kalshi's founder, Tarek Mansour, disclosed that during the presidential election, the median bet size in the United States for Kamala Harris was $85, and the median bet size for Donald Trump was $58.  Because over half of the bets placed nationwide exceeded both of those figures, and because the total amount wagered on the presidential election on Kalshi exceeded $85 million, the State's residents must have placed many bets in excess of that size.  And that is just one of many wagers Defendants have collectively featured.

60.      Robinhood's own event contracts offering, powered by Kalshi, features a similar scale.  Ever since unveiling its new prediction market hub in May 2025, experts have predicted the company's annual revenue to increase by around $260 million.  Early returns confirm that prediction.  When Robinhood offered event contracts for the most recent presidential election, it notched over 500 million contracts traded in one week alone.  Market analysts see Robinhood's move as an effort to tap into a gambling industry that they predict—without legal intervention—could swell to $95.5 billion in value by 2035.  Per its own internal records, Robinhood has over 11 million annual users scattered across the United States.  On information and belief, Robinhood's prediction market hub has widespread usage, including among the State's residents.

61.      Webull's own prediction market hub, also powered by Kalshi, was unveiled in February 2025.  It operates much as Robinhood's does.  Webull boasts significant reach also, with over 23 million registered users worldwide and a revenue of over $117 million during the first quarter of 2025 alone.  Webull is available in all 50 States, including Georgia.  And on information and belief, Webull's prediction market hub has widespread usage, including among the State's residents, and those individuals regularly gamble (and lose) on the platform.

62.     As noted above, Kalshi's event contracts (and the event contracts Robinhood and Webull offer through their partnerships with Kalshi) rely upon, and are propped up by, market makers. Kalshi's website notes that market makers trade on each of the company's covered products for some 98% of each 1-hour increment and "provid[e] constant liquidity." Because of their ubiquity, each time a resident of the State places a wager on Kalshi, it is overwhelmingly likely that there is a market maker somewhere on the other side of the ledger. And as the State's residents lose money in the long run gambling on Kalshi, these market makers will regularly win large sums of money from those residents.

63.     Defendants' conduct is fueling a pandemic of gambling addiction. As one recent article noted, prediction markets like Kalshi and Robinhood "blur the already hazy line between betting and other financial activities," as "the ability to place one bet after another" on those platforms "encourages a hallmark behavior of problem gamblers—when deep in the red, instead of walking away, they bet bigger."

64.     Problem gambling is especially common among young sports bettors. Per one industry study, some 58% of 18- to 22-year-olds gamble on sports each year, with roughly 10% gambling on sports each week and 4% doing so daily. Sports gambling addictions can begin as early as age 10, and studies have found that between 4% and 8% suffer from problem gambling. Those addictions can prove financially ruinous. And the habit takes a severe emotional toll, too. Of problem gamblers who have sought out treatment, "between 22 and 81 percent . . . have been found to have suicidal ideations," and "between 7 and 30 percent of individuals have had suicide attempts."

### COUNT I
### (Claim under O.C.G.A. § 13-8-3)

65.     Plaintiff brings this count against all Defendants under O.C.G.A. § 13-8-3.

22

66.     Upon information and belief, thousands of individuals within Georgia have lost—and continue to lose—money playing gambling with Defendants and have not sued to recover those losses within six months of payment to Defendants. The identity and precise number of such gamblers ("Gambling Victims") is within the unique possession of Defendants.

67.     Defendants are gambling "winner[s]" within the meaning of O.C.G.A. § 13-8-3.

68.     Plaintiff qualifies as a "person" authorized to sue for the recovery losses at gaming within the meaning of O.C.G.A. § 13-8-3. Plaintiff has not colluded with any Gambling Victims in bringing this action.

## COUNT II
### (Attorneys' Fees and Expenses)

69.     Plaintiff incorporates the allegations contained in paragraphs 1 through 68 as if set forth fully herein.

70.     Defendants have acted in bad faith, been stubbornly litigious, or have caused Plaintiff unnecessary trouble and expenses, thereby entitling Plaintiff to recover attorney's fees and expenses under O.C.G.A. § 13-6-11.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants and respectfully requests that the Court grant the following relief:

A.  Declaring that the Defendants are liable under O.C.G.A. § 13-8-3;

B.  Awarding eligible damages, continuing until the time of final judgment, based on the value of the money, goods, chattels, or other things lost to Defendants at gambling, for the joint use of Plaintiff and the educational fund of the County;

23

C. Awarding attorney's fees and expenses of litigation pursuant to O.C.G.A. § 13-6-11;

D. Awarding pre- and post-judgment interest as allowed by law; and

E. Granting such other relief as the Court deems proper.

| Dated: June 12, 2025 | Respectfully submitted, |
|---|---|
| | */s/ David C. Rayfield* |
| | David C. Rayfield |
| | Georgia Bar No.: 596706 |
| | WALDREP, MULLIN & CALLAHAN, LLC |
| | 111 Twelfth Street, Suite 300 |
| | P. O. Box 351 |
| | Columbus, GA  31902-0351 |
| | Tel: (706) 320-0600 |
| | Fax: (706) 320-0622 |
| | davidrayfield@waldrepmullin.com |
| | */s/ Derek T. Ho* |
| | Derek T. Ho (*pro hac, forthcoming*) |
| | Kyle B. Grigel (*pro hac, forthcoming*) |
| | KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C. |
| | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| | Tel: (202) 326-7900 |
| | Fax: (202) 326-7999 |
| | dho@kellogghansen.com |
| | kgrigel@kellogghansen.com |
| | *Counsel for Plaintiff* |

**General Civil and Domestic Relations Case Filing Information Form**

⚡ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

☐ **Superior** or ☑ **State Court of** _Muscogee_ _____ **County**

<table>
<tr><td colspan="2"><strong>For Clerk Use Only</strong></td></tr>
<tr><td><strong>Date Filed</strong> 06-12-2025</td><td><strong>Case Number</strong> SC2025CV001749</td></tr>
<tr><td><strong>MM-DD-YYYY</strong></td><td></td></tr>
</table>

JUN 12, 2025 08:02 AM

*Danielle F. Forte*
Danielle F. Forte, Clerk
Muscogee County, Georgia

| Plaintiff(s) | | | | | | Defendant(s) | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Georgia Gambling Recovery LLC | | | | | | Kalshi Inc. | | | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix | |
| | | | | | | KalshiEX LLC | | | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix | |
| | | | | | | Kalshi Klear Inc. | | | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix | |
| | | | | | | Kalshi Klear LLC | | | | | |
| Last | First | Middle I. | Suffix | Prefix | | Last | First | Middle I. | Suffix | Prefix | |

**Plaintiff's Attorney** _Rayfield, David C_ _____ **Bar Number** _596706_ _____ **Self-Represented** ☐

### Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**

- ☐ **Automobile Tort**
- ☐ **Civil Appeal**
- ☐ **Contract**
- ☐ **Contempt/Modification/Other Post-Judgment**
- ☐ **Garnishment**
- ☑ **General Tort**
- ☐ **Habeas Corpus**
- ☐ **Injunction/Mandamus/Other Writ**
- ☐ **Landlord/Tenant**
- ☐ **Medical Malpractice Tort**
- ☐ **Product Liability Tort**
- ☐ **Real Property**
- ☐ **Restraining Petition**
- ☐ **Other General Civil**

**Domestic Relations Cases**

- ☐ **Adoption**
- ☐ **Contempt**
  - ☐ **Non-payment of child support, medical support, or alimony**
- ☐ **Dissolution/Divorce/Separate Maintenance/Alimony**
- ☐ **Family Violence Petition**
- ☐ **Modification**
  - ☐ **Custody/Parenting Time/Visitation**
- ☐ **Paternity/Legitimation**
- ☐ **Support – IV-D**
- ☐ **Support – Private (non-IV-D)**
- ☐ **Other Domestic Relations**

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
**Case Number**                 **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
**Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

⊕ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2025CV001749</u>

Georgia Gambling Recovery LLC

_____

**PLAINTIFF**

                                        **VS.**

Kalshi Inc.
KalshiEX LLC
Kalshi Klear Inc.
Kalshi Klear LLC
Kalshi Trading LLC
Susquehanna International Group LLP
Susquehanna Government Products, LLLP
Robinhood Markets, Inc.
Robinhood Derivatives LLC
Webull Corporation

_____

**DEFENDANTS**

### IN THE STATE COURT OF MUSCOGEE COUNTY
### STATE OF GEORGIA

### SUMMONS

TO: KALSHIEX LLC

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **David C Rayfield**
> **Waldrep, Mullin, & Callahan, LLC**
> **P.O. Box 351**
> **Columbus, Georgia 31902-0351**
> **davidrayfield@waldrepmullin.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 12th day of June, 2025.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

⏚ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2025CV001749</u>

Georgia Gambling Recovery LLC

_____

**PLAINTIFF**
                                        **VS.**

Kalshi Inc.
KalshiEX LLC
Kalshi Klear Inc.
Kalshi Klear LLC
Kalshi Trading LLC
Susquehanna International Group LLP
Susquehanna Government Products, LLLP
Robinhood Markets, Inc.
Robinhood Derivatives LLC
Webull Corporation

_____

**DEFENDANTS**

SC-1
Rev'd 10/24

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: KALSHI KLEAR INC.

      You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

         **David C Rayfield**
         **Waldrep, Mullin, & Callahan, LLC**
         **P.O. Box 351**
         **Columbus, Georgia 31902-0351**
         **davidrayfield@waldrepmullin.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

      If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 12th day of June, 2025.**

                  Clerk of State Court

                  Danielle F. Forté, Clerk
                  Muscogee County, Georgia

# IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

⚖ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2025CV001749

Georgia Gambling Recovery LLC

_____

**PLAINTIFF**

**VS.**

Kalshi Inc.
KalshiEX LLC
Kalshi Klear Inc.
Kalshi Klear LLC
Kalshi Trading LLC
Susquehanna International Group LLP
Susquehanna Government Products, LLLP
Robinhood Markets, Inc.
Robinhood Derivatives LLC
Webull Corporation

_____

**DEFENDANTS**

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: KALSHI KLEAR LLC

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **David C Rayfield**
> **Waldrep, Mullin, & Callahan, LLC**
> **P.O. Box 351**
> **Columbus, Georgia 31902-0351**
> **davidrayfield@waldrepmullin.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 12th day of June, 2025.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

SC-1
Rev'd 10/24

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

✦ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2025CV001749</u>

Georgia Gambling Recovery LLC

_____

**PLAINTIFF**

                              **VS.**

Kalshi Inc.
KalshiEX LLC
Kalshi Klear Inc.
Kalshi Klear LLC
Kalshi Trading LLC
Susquehanna International Group LLP
Susquehanna Government Products, LLLP
Robinhood Markets, Inc.
Robinhood Derivatives LLC
Webull Corporation

_____

**DEFENDANTS**

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: KALSHI TRADING LLC

       You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **David C Rayfield**
> **Waldrep, Mullin, & Callahan, LLC**
> **P.O. Box 351**
> **Columbus, Georgia 31902-0351**
> **davidrayfield@waldrepmullin.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

       If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 12th day of June, 2025.**

                Clerk of State Court

                Danielle F. Forté, Clerk
                Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2025CV001749

Georgia Gambling Recovery LLC

_____

**PLAINTIFF**

**VS.**

Kalshi Inc.
KalshiEX LLC
Kalshi Klear Inc.
Kalshi Klear LLC
Kalshi Trading LLC
Susquehanna International Group LLP
Susquehanna Government Products, LLLP
Robinhood Markets, Inc.
Robinhood Derivatives LLC
Webull Corporation

_____

**DEFENDANTS**

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: SUSQUEHANNA INTERNATIONAL GROUP LLP

      You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

        **David C Rayfield**
        **Waldrep, Mullin, & Callahan, LLC**
        **P.O. Box 351**
        **Columbus, Georgia 31902-0351**
        **davidrayfield@waldrepmullin.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

      If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 12th day of June, 2025.**

               Clerk of State Court

               Danielle F. Forté, Clerk
               Muscogee County, Georgia

# IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2025CV001749

Georgia Gambling Recovery LLC

_____

**PLAINTIFF**

                                **VS.**

Kalshi Inc.
KalshiEX LLC
Kalshi Klear Inc.
Kalshi Klear LLC
Kalshi Trading LLC
Susquehanna International Group LLP
Susquehanna Government Products, LLLP
Robinhood Markets, Inc.
Robinhood Derivatives LLC
Webull Corporation

_____

**DEFENDANTS**

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

**SUMMONS**

TO: SUSQUEHANNA GOVERNMENT PRODUCTS, LLLP

       You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

           **David C Rayfield**
           **Waldrep, Mullin, & Callahan, LLC**
           **P.O. Box 351**
           **Columbus, Georgia 31902-0351**
           **davidrayfield@waldrepmullin.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

       If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 12th day of June, 2025.**

                           Clerk of State Court

                           Danielle F. Forté, Clerk
                           Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY
STATE OF GEORGIA**

⊕ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2025CV001749

Georgia Gambling Recovery LLC

_____

**PLAINTIFF**

                                    **VS.**

Kalshi Inc.
KalshiEX LLC
Kalshi Klear Inc.
Kalshi Klear LLC
Kalshi Trading LLC
Susquehanna International Group LLP
Susquehanna Government Products, LLLP
Robinhood Markets, Inc.
Robinhood Derivatives LLC
Webull Corporation

_____

**DEFENDANTS**

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: ROBINHOOD MARKETS, INC.

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**David C Rayfield**
**Waldrep, Mullin, & Callahan, LLC**
**P.O. Box 351**
**Columbus, Georgia 31902-0351**
**davidrayfield@waldrepmullin.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 12th day of June, 2025.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

# IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

⚕ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2025CV001749</u>

Georgia Gambling Recovery LLC

_____

**PLAINTIFF**

**VS.**

Kalshi Inc.
KalshiEX LLC
Kalshi Klear Inc.
Kalshi Klear LLC
Kalshi Trading LLC
Susquehanna International Group LLP
Susquehanna Government Products, LLLP
Robinhood Markets, Inc.
Robinhood Derivatives LLC
Webull Corporation

_____

**DEFENDANTS**

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: ROBINHOOD MARKETS, INC.

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**David C Rayfield**
**Waldrep, Mullin, & Callahan, LLC**
**P.O. Box 351**
**Columbus, Georgia 31902-0351**
**davidrayfield@waldrepmullin.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 12th day of June, 2025.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

# IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

**EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2025CV001749</u>

Georgia Gambling Recovery LLC

_____

**PLAINTIFF**

                         **VS.**

Kalshi Inc.
KalshiEX LLC
Kalshi Klear Inc.
Kalshi Klear LLC
Kalshi Trading LLC
Susquehanna International Group LLP
Susquehanna Government Products, LLLP
Robinhood Markets, Inc.
Robinhood Derivatives LLC
Webull Corporation

_____

**DEFENDANTS**

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: ROBINHOOD DERIVATIVES LLC

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

> **David C Rayfield**
> **Waldrep, Mullin, & Callahan, LLC**
> **P.O. Box 351**
> **Columbus, Georgia 31902-0351**
> **davidrayfield@waldrepmullin.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 12th day of June, 2025.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

# IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

## SC2025CV001749

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  <u>SC2025CV001749</u>

Georgia Gambling Recovery LLC

_____

**PLAINTIFF**

                                        **VS.**

Kalshi Inc.
KalshiEX LLC
Kalshi Klear Inc.
Kalshi Klear LLC
Kalshi Trading LLC
Susquehanna International Group LLP
Susquehanna Government Products, LLLP
Robinhood Markets, Inc.
Robinhood Derivatives LLC
Webull Corporation

_____

**DEFENDANTS**

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: WEBULL CORPORATION

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**David C Rayfield**
**Waldrep, Mullin, & Callahan, LLC**
**P.O. Box 351**
**Columbus, Georgia 31902-0351**
**davidrayfield@waldrepmullin.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 12th day of June, 2025.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

**IN THE STATE COURT OF MUSCOGEE COUNTY**
**STATE OF GEORGIA**

⚜ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**JUN 12, 2025 08:02 AM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

CIVIL ACTION NUMBER  SC2025CV001749

Georgia Gambling Recovery LLC

_____

**PLAINTIFF**

                                        **VS.**

Kalshi Inc.
KalshiEX LLC
Kalshi Klear Inc.
Kalshi Klear LLC
Kalshi Trading LLC
Susquehanna International Group LLP
Susquehanna Government Products, LLLP
Robinhood Markets, Inc.
Robinhood Derivatives LLC
Webull Corporation

_____

**DEFENDANTS**

## IN THE STATE COURT OF MUSCOGEE COUNTY
## STATE OF GEORGIA

### SUMMONS

TO: KALSHI INC.

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**David C Rayfield**
**Waldrep, Mullin, & Callahan, LLC**
**P.O. Box 351**
**Columbus, Georgia 31902-0351**
**davidrayfield@waldrepmullin.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 12th day of June, 2025.**

Clerk of State Court

Danielle F. Forté, Clerk
Muscogee County, Georgia

🖷 EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**AUG 29, 2025 04:09 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

| | |
|---|---|
| STATE OF GEORGIA | IN THE STATE COURT |
| GEORGIA GAMBLING RECOVERY LLC, | OF MUSCOGEE COUNTY |
| *Plaintiff,* | |
| *v.* | |
| KALSHI INC.; | Civil Action No. SC2025CV001749 |
| KALSHIEX LLC; | |
| KALSHI KLEAR INC.; | |
| KALSHI KLEAR LLC; | |
| KALSHI TRADING LLC; | |
| SUSQUEHANNA INTERNATIONAL GROUP, LLP; | |
| SUSQUEHANNA GOVERNMENT PRODUCTS, LLLP; | |
| ROBINHOOD MARKETS, INC.; | |
| ROBINHOOD DERIVATIVES, LLC; | |
| WEBULL CORPORATION, | |
| *Defendants.* | |

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

COMES NOW Plaintiff, Georgia Gambling Recovery, LLC, and shows that there is a need for the appointment of a special process server to serve documents on Webull Corporation due to its office being located in Pinellas Couty, Florida and the Sheriff's office there lacking insufficient manpower for service of process.

Georgia Gambling Recovery, LLC requests that that Brett Pokorny, a person over the age of twenty-one and a Sheriff Appointed Process Server in Pinellas Couty, Florida (Server # APS 59364), be appointed as special process server.

| Dated:  August 29, 2025 | Respectfully submitted, |
|---|---|
| | */s/ David C. Rayfield* |
| | David C. Rayfield |
| | Georgia Bar No.: 596706 |
| | WALDREP, MULLIN & CALLAHAN, LLC |
| | 111 Twelfth Street, Suite 300 |
| | P. O. Box 351 |
| | Columbus, GA  31902-0351 |
| | Tel: (706) 320-0600 |
| | Fax: (706) 320-0622 |
| | davidrayfield@waldrepmullin.com |
| | */s/ Derek T. Ho* |
| | Derek T. Ho (*pro hac, forthcoming*) |
| | Kyle B. Grigel (*pro hac, forthcoming*) |
| | KELLOGG, HANSEN, TODD, FIGEL & |
| |   FREDERICK, P.L.L.C. |
| | 1615 M Street, N.W., Suite 400 |
| | Washington, D.C. 20036 |
| | Tel: (202) 326-7900 |
| | Fax: (202) 326-7999 |
| | dho@kellogghansen.com |
| | kgrigel@kellogghansen.com |
| | *Counsel for Plaintiff* |

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**SEP 05, 2025 12:04 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

STATE OF GEORGIA

GEORGIA GAMBLING RECOVERY LLC,

*Plaintiff,*

v.

KALSHI INC.;

KALSHIEX LLC;

KALSHI KLEAR INC.;

KALSHI KLEAR LLC;

KALSHI TRADING LLC;

SUSQUEHANNA INTERNATIONAL
GROUP, LLP;

SUSQUEHANNA GOVERNMENT
PRODUCTS, LLLP;

ROBINHOOD MARKETS, INC.;

ROBINHOOD DERIVATIVES, LLC;

WEBULL CORPORATION,

*Defendants.*

IN THE STATE COURT

OF MUSCOGEE COUNTY

Civil Action No. SC2025CV001749

## **ORDER**

Upon consideration of the Motion for Appointment of Special Process Server, it is ordered
that Brett Pokorny be appointed as special process server to serve the Summons and Complaint to
the referenced Defendant Webull Corporation.

This 5TH day of __SEPTEMBER__, 2025.

_____
Honorable Pythias Temesgen
Judge, State Court

Prepared By:

*/s/ David C. Rayfield*
David C. Rayfield
Georgia Bar No.: 596706
WALDREP, MULLIN & CALLAHAN, LLC
111 Twelfth Street, Suite 300
Post Office Box 351 (31902-0351)
Columbus, GA  31901
T: (706) 320-0600
F: (706) 320-0622
davidrayfield@waldrepmullin.com

⚖ EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

SC2025CV001749

SEP 12, 2025 11:33 AM

*Danielle F. Forte*
Danielle F. Forté, Clerk
Muscogee County, Georgia

| ATTORNEY (Name and Address): | SBN: | FOR COURT USE ONLY |
|---|---|---|
| **Waldrep, Mullin & Callahan LLC**<br>P.O. Box 351<br>Columbus, GA 31902-0351 | | |

EMAIL:

ATTORNEY FOR: **Georgia Gambling Recovery LLC**

NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:

**In the State Court of Muscogee County, State of Georgia**
**100 10th Street**
**Columbus, GA 31901**

| PLAINTIFF:<br>**Georgia Gambling Recovery LLC** | COURT CASE NO: |
|---|---|
| DEFENDANT:<br>**Kalshi Inc, KalshiEX LLC, Kalshi Klear Inc., Kalshi Klear LL** | **SC2025CV001749** |

| **Proof of Service** | LEVYING OFFICER FILE NO:<br>**2025024340** |
|---|---|

1. At the time of the service I was at least 18 years of age and not a party to this action.

2. I served copies of the:

    f. other *(specify documents):*
      **Complaint, Summons**

3. a. Party Served *(specify name of party as shown on documents served):*
      **Robinhood Derivatives LLC**

    b. Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

      **BEN RODRIGUEZ / DATA SPECIALIST**

4. Address where party was served:   **1505 Corporation - Incorporating Services, LTD**
                                   **7801 Folsom Boulevard #202**
                                   **Sacramento, CA 95826**

5. I served the party:

    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
      service of process for the party (1) on: 09/08/2025 at: 10:20 AM.

7. **Person who served the papers:**

    a. Name: **T. Taber**

    b. Address: **Sheriff's Civil Bureau, 2969 Prospect Park Drive, Suite 200, Rancho Cordova, CA 95670**

    c. Telephone number: **(916) 875-2665**

    d. **The fee** for service was: **$65.00**

8. **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   Tuesday, September 9, 2025           by:    _____

                                                Sheriff's Authorized Agent
                                            Jim Cooper

Attorney/Plaintiff

(c) CountySuite Sheriff, Teleworll, Inc.

Waldrep, Mullin & Callahan LLC
P.O. Box 351
Columbus, GA 31902-0351

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### CERTIFICATE OF ACKNOWLEDGMENT

| | |
|---|---|
| State of **California** | A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| County of **Sacramento** | |

On _9/10/25_, before me _F. Conley, Notary Public_

personally appeared _Tim Taber_ , who proved to me

on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and

acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their

signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY of PERJURY under the laws of the state of California that the foregoing paragraph is true and correct .

(Notary Seal)                    WITNESS my hand and official seal.

_J. Cg_

F. CONLEY
COMMISSION #2456735
Notary Public - California
SACRAMENTO COUNTY
MY COMMISSION EXPIRES
August 1, 2027
PNS1

SHERIFF'S ENTRY OF SERVICE

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

SEP 12, 2025 11:37 AM

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

Civil Action No. __SC2025CV001749__

Superior Court ☐
State Court ☒
Juvenile Court ☐

Magistrate Court ☐
Probate Court ☐

Georgia, __MUSCOGEE__ COUNTY

Date Filed __6/12/2025 8:02 AM__

**Attorney's Address**

David Rayfield

Waldrep, Mullin & Callahan

P.O. Box 351

Columbus, Georgia 31902-0351

Georgia Gambling Recovery, LLC

_____
Plaintiff

VS.

Robinhood Markets, Inc.

**Name and Address of Party to Served**
Robinhood Markets, Inc.

c/o Incorporating Services, Ltd.

900 Old Roswell Lakes, PKWY Ste. 310

Roswell, GA, 30076, USA

_____
Defendant

_____
Garnishee

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _Robinhood Markets, Inc_ a corporation
by leaving a copy of the within action and summons with _Kiara Belvidero (SOP Intake)_
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _9th_ day of _September_, 20_25_

DEPUTY

_Dep J Rogers #3545_

**PLAINTIFF'S COPY**

(*Complaint served with Summons.)

✦ **EFILED IN OFFICE**
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

OCT 01, 2025 04:30 PM

State Court
*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

## AFFIDAVIT OF SERVICE

State of Georgia                    **County of Muscogee**

Case Number: SC2025CV001749

|||||||||||||||||||||||||
RCG2025012856

Plaintiff: **Georgia Gambling Recovery LLC**
vs.
Defendant: **Kalshi Inc.**
**KalshiEX LLC**
**Kalshi Klear Inc.**
**Kalshi Klear LLC**
**Kalshi Trading LLC**
**Susquehanna International Group LLP**
**Susquehanna Government Products, LLLP**
**Robinhood Markets, Inc.**
**Robinhood Derivatives LLC**
**Webull Corporation**

For:
David Rayfield
Waldrep, Mullin & Callahan, LLC
111 12th Street, Suite 300
Columbus, OH 31902

Received by Brett M. Pokorny on the 15th day of September, 2025 at 2:18 pm to be served on **Webull Corporation, 200 Carillon Parkway Street, St. Petersburg, FL 33716**.

I, Brett M. Pokorny, being duly sworn, depose and say that on the **16th day of September, 2025** at **1:43 pm, I:**

served a **CORPORATION** by delivering a true copy of the **SUMMONS, COMPLAINT and ORDER** with the date and hour of service endorsed thereon by me, to: **Nancy Pearson** as **Director of facilities** , at the address of: **200 Carillon Parkway Street, St. Petersburg, FL 33716**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 60, Sex: F, Race/Skin Color: Caucasian, Height: 5'5", Weight: 135, Hair: Dark Blonde, Glasses: Y

If a description of the party served is provided, please note all information provided is approximate. F.S. 48.021(1)(Services of Summons and Criminal Subpoenas) I certify that I am over the age of 18, have no interest in the above action, and am a Certified/Special/Appointed Process Server or authorized to serve process in the judicial circuit, county, or state  where service was effectuated. F.S. 92.525 Under penalties of perjury, I declare that I have read the foregoing affidavit/proof of service and that the facts stated in it are true.(No Notary Required) (Services of subpoenas F.S. 48.021(1) (Rule 1.410 ) I am over the age of 18, and am not a party to nor interested in the outcome of the above styled case. I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct.  (Out of State/Foreign Process in accordance with F.S. 48.194 by any person authorized to server process in the state where the person or entity is served) Notary Required.

The foregoing instrument was acknowledged
before me by means of ✗ physical presence or
_____ online notarization on 09/29/25  by:
*Brett Pokorny* _____ who is
✓ personally known to me, or produced
_____ as identification

_____
NOTARY PUBLIC

HECTOR RAMOS REYES
Notary Public - State of Florida
Commission # HH 233497
My Comm. Expires Feb 27, 2026
Bonded through National Notary Assn.

_____
**Brett M. Pokorny**
APS 59364

**TRGT Legal**
**PO Box 1066**
**Pinellas Park, FL 33781**
**(813) 492-2500**

Our Job Serial Number: RCG-2025012856



EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**SEP 11, 2025 03:21 PM**

*Danielle F. Forté*
Danielle F. Forté, Clerk
Muscogee County, Georgia

# ALBANY COUNTY SHERIFF'S OFFICE

### County Court House Albany, New York 12207 (518) 487-5400
### WWW.ALBANYCOUNTYSHERIFF.COM

MUSCOGEE - COUNTY Court

County of Albany State of New York

| |
|---|
| GEORGIA GAMBLING RECOVERY LLC<br><br>vs.<br><br>SUSQUEHANNA GOVERNMENT PRODUCTS, LLLP |

**CERTIFICATE OF SERVICE
CORPORATE SERVICE**

Index Number - SC2025CV001749

Sheriff File Number –  25003587

I certify that I am an  Albany County Deputy Sheriff and that I am not a party to the above-entitled action.  I further certify that I made service of the within described papers upon SUSQUEHANNA GOVERNMENT PRODUCTS, LLLP, the defendant in the following manner.

Papers Served:          SUMMONS & COMPLAINT

Address Where

Service was Made:      80 STATE STREET
                                     ALBANY, NY 12207

Date and Time
Of Service                  9/5/2025 at 9:55 AM

CORPORATION

By delivering to and leaving with corporation service corp  the representative  for the Defendant
personally a true copy thereof.

STATUTORY FEE

At the time of service, a statutory fee of _____ was also left with the person mentioned and
described herein.

DESCRIPTION          The person served was approximately: Skin Color: White,  Hair Color: Red ,  Gender:  Male
                                  Height: 6' 0"  Weight: 210  Age:  48 .

Dated:
Monday, September 08, 2025

_____
ROBERT EVERS
DEPUTY



**MONTGOMERY COUNTY SHERIFF'S OFFICE**
**Sheriff Sean P. Kilkenny**
Montgomery County Court House
P.O. Box 311
Norristown, PA 19404-0311
Phone: 610-278-3331    Fax: 610-278-3832    http://sheriff.montcopa.org

EFILED IN OFFICE
CLERK OF STATE COURT
MUSCOGEE COUNTY, GEORGIA

**SC2025CV001749**

**SEP 12, 2025 11:26 AM**

Danielle F. Forté, Clerk
Muscogee County, Georgia

| | |
|---|---|
| Attorney's or Plaintiff's Name and Address:<br>Waldrep, Mullin & Callahan, LLC<br>P.O. Box 351<br>111 12th Street<br>Suite 300<br>Columbus, GA 31901<br>Phone: 706-320-0600 | Date:            9/2/2025<br>Prothonotary No:  SC2025CV001749<br>Sheriff's No:     25010465 |

# RETURN OF SERVICE

Civil Action (Out of State):            Summons
**In the State Court of Muscogee County State of Georgia**

**PLAINTIFF**
Giorgia Gambling Recovery LLC

Vs.

**DEFENDANT**
Susquehanna International Group, LLP

## SHERIFF'S RETURN

SERVED FOR:       Susquehanna International Group, LLP
SERVED:           Brian Sopinsky
SERVICE TYPE:     Person In Charge
PLACE OF SERVICE: 401 City Avenue * Suite 220 * Bala Cynwyd, PA 19004
DATE OF SERVICE:  9/2/2025
TIME OF SERVICE:  11:15 AM
DEPUTY:           Justin Pratt

## NOTES



# MONTGOMERY COUNTY SHERIFF'S DEPARTMENT

BM    **25010465**

# ORDER FOR SERVICE

To:    Sheriff Sean P. Kilkenny
       Montgomery County Court House
       P.O. Box 311
       Norristown PA 19404
       Phone: 610-278-3331          Fax: 610-278-3832
       http://sheriff.montcopa.org

Date:             08/29/2025          **1/1**
Prothonotary No:  SC2025CV001749
Sheriff's No:     25010465

***25010465***

Attorney's or Plaintiff's Name and Address:                                         Civil Action (Out of State)
                                                                                              Summons
Waldrep, Mullin & Callahan, LLC
P.O. Box 351                                    432471
111 12th Street
Suite 300
Columbus GA 31901

Atty Id:              Tel #: 706-320-0600

## PLAINTIFF
                                     SERVED: _____        NOT SERVED:_____
Giorgia Gambling Recovery LLC

Vs.

## DEFENDANT

Susquehanna International Group, LLP

## SERVICE UPON:

Susquehanna International Group, LLP          Last Day for Service:
401 City Avenue
Suite 220
Bala Cynwyd PA 19004

---

**NOTES**

Person Served: _Brian Sopinsky_

Relationship/Position: _PIC_

Place of Service: _As Ganan_

Time of Service: _1115_

Date of Service: _9/8/25_

Number of Attempts: _1_

Deputy: _Pratt #933_

Deputy: _____

Last Day of Service: _9/28/2025_

REC'D MCSO MONTCO. PA
2025 AUG 29 A 11: 35

GEORGIA, MUSCOGEE COUNTY
SUPERIOR/STATE COURT
eFILED
10/2/2025 3:29 PM
DANIELLE F. FORTE, CLERK

| | |
|---|---|
| GEORGIA GAMBLING RECOVERY LLC, | IN THE STATE COURT |
| *Plaintiff,* | OF MUSCOGEE COUNTY |
| *v.* | |
| KALSHI INC., KALSHIEX LLC, KALSHI KLEAR INC., KALSHI KLEAR LLC, KALSHI TRADING LLC, SUSQUEHANNA INTERNATIONAL GROUP, LLP, SUSQUEHANNA GOVERNMENT PRODUCTS, LLLP, ROBINHOOD MARKETS, INC., ROBINHOOD DERIVATIVES, LLC, and WEBULL CORPORATION | Civil Action No. SC2025CV001749 |
| *Defendants.* | |

## DEFENDANTS KALSHI INC.'S, KALSHIEX LLC'S, KALSHI KLEAR INC.'S, KALSHI KLEAR LLC'S, AND KALSHI TRADING LLC'S WAIVER OF SERVICE OF SUMMONS

In accordance with O.C.G.A. § 9-10-73, Defendants Kalshi Inc, KalshiEX LLC, Kalshi Klear Inc., Kalshi Klear LLC, and Kalshi Trading LLC (collectively the "Kalshi Defendants") hereby certify that they have received a copy of the complaint in this Action and hereby waive service of a summons in the above-captioned action.

The Kalshi Defendants retain all defenses and/or objections to this Action or to the jurisdiction or venue of this Court except for objections based on a defect in the summons or in the service of the summons.

[signature on following page]

Respectfully submitted this 2nd day of October, 2025.

/s/ James W. Cobb
James W. Cobb
Georgia Bar No. 420133
Erin M. Victoria
Georgia Bar No. 285342
**CAPLAN COBB LLC**
75 Fourteenth Street NE, Suite 2700
Atlanta, Georgia 30309
Tel: (404) 596-5600
Fax: (404) 596-5604
jcobb@caplancobb.com
evictoria@caplancobb.com

**MILBANK LLP**
Sean Murphy*
Katherine Fell*
Matthew Laroche*
55 Hudson Yards
New York, New York 10001-2163
Phone: (212) 530-5000
smurphy@milbank.com
kfell@milbank.com
mlaroche@milbank.com

Joshua Sterling*
1101 New York Avenue, NW
Washington, D.C. 20005
Phone: (202) 835-7500
jsterling@milbank.com

*Pro hac vice application forthcoming*

*Counsel for Defendants Kalshi Inc., KalshiEX
LLC, Kalshi Klear Inc., Kalshi Klear LLC,
and Kalshi Trading LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2025, I caused a true and correct copy of the foregoing Waiver of Service and Summons by Kalshi Inc, KalshiEX LLC, Kalshi Klear Inc., Kalshi Klear LLC, and Kalshi Trading LLC to be sent by United States mail and electronic mail to the following counsel of record:

David C. Rayfield, Esq.
**Waldrep, Mullin & Callahan, LLC**
111 Twelfth Street, Suite 300
P.O. Box 351
Columbus, GA 31902-0351
davidrayfield@waldrepmullin.com

Derek T. Ho, Esq.
Kyle B. Grigel, Esq.
**Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
dho@kellogghansen.com
kgrigel@kellogghansen.com

*Attorneys for Plaintiff Georgia Gambling Recovery LLC*

Eugene Scalia, Esq.
Jonathan Bond, Esq.
Nick Harper, Esq.
**Gibson, Dunn & Crutcher LLP**
1700 M Street, N.W.
Washington, D.C. 20036
escalia@gibsondunn.com
jbond@gibsondunn.com
nharper@gibsondunn.com

*Attorneys for Defendants Robinhood Markets, Inc. and Robinhood Derivatives, LLC*

/s/ James W. Cobb
James W. Cobb
Georgia Bar No. 420133

*Counsel for Kalshi Inc., KalshiEX LLC,
Kalshi Klear Inc., Kalshi Klear LLC, and
Kalshi Trading LLC*